IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**
NOV X 5 2007
Nov. 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT   JH

JAMES RUTHERFORD,

    PLAINTIFF,

V.

MEDGYN PRODUCTS, INC., LAKSHMAN AGADI
AND RAMESH VYAS,

    DEFENDANTS.

07cv6259
JUDGE LEFKOW
MAG. JUDGE SCHENKIER

### COMPLAINT FOR DAMAGES

Now comes the Plaintiff, James Rutherford ("Mr. Rutherford" or "Plaintiff"), and through his undersigned attorneys complains of violations of the Fair Labor Standards Act ("FLSA") by the Defendants.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over all counts in this Complaint pursuant to Section 16(b) of the FLSA, 29 U.S.C. sec. 216(b) and 28 U.S.C. sec. 1331 (federal question jurisdiction).

2. Venue is proper in this District and Division pursuant to 28 U.S.C. sec. 1391(b)(2) in that "a substantial part of the events or omissions giving rise to the claim[s] occurred" here. Venue further is proper pursuant to 28 U.S.C. sec. 1391(b)(3) in that, within the meaning of that statute, Defendant Medgyn

Products, Inc. ("Medgyn") resides in this district and is subject to the personal jurisdiction of this Court.

### ALLEGATIONS COMMON TO ALL CLAIMS

3. Medgyn is an Illinois corporation with its principal place of business in Lombard, Illinois. Medgyn manufactures and distributes medical devices, instruments and equipment.

4. Defendant Lakshman Agadi is the President of Medgyn. Defendant Ramesh Vyas is the Vice President and General Manager of Medgyn.

5. Mr. Rutherford was employed by Defendant Medgyn throughout most of 2007 in a sales capacity.

6. There has at all pertinent times been in effect a federal law known as the Fair Labor Standards Act, 29 U.S.C. secs. 201 *et seq.* ("FLSA").

7. All Defendants are subject to the FLSA and the FLSA'a anti-retaliation provision, Section 5(a)(3), 29 U.S.C. sec. 215(a)(3).

8. Defendants Medgyn, Agadi and Vyas all are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C sec. 203(d).

9. On or about September 27, 2007, Mr. Rutherford caused to be delivered to all Defendants a written complaint advising them of violations of the FLSA that the Defendants were committing and permitting. Mr. Rutherford's complaint was delivered to Defendants via certified United States mail.

10. On or about October 2, 2007, Defendant Medgyn terminated Mr. Rutherford's employment, effective immediately.

11. Mr. Rutherford's employment with Medgyn was terminated at the instruction of Messrs. Agadi and Vyas.

## COUNT I
### RETALIATORY DISCHARGE BY MEDGYN IN VIOLATION OF THE FLSA

12. Paragraphs 1 through 11 are incorporated into this Count I as if set forth in full.

13. The anti-retaliation provision of the FLSA, Section 5(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to [the FLSA]." 29 U.S.C. sec. 215(a)(3)

14. The certified mail letter Mr. Rutherford caused to be delivered to Defendants constitutes a "complaint" within the meaning of the FLSA's anti-retaliation provision.

15. Medgyn terminated Mr. Rutherford's employment in retaliation for his complaint about FLSA violations.

16. Medgyn's termination of Mr. Rutherford's employment violated the FLSA's anti-retaliation provision.

17. Pursuant to section 16(b) of the FLSA, Mr. Rutherford is entitled to "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . including . . . payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. sec. 216(b).

18. Pursuant to sec. 16(b) of the FLSA, Mr. Rutherford is entitled to collect from Defendant Medgyn his reasonable attorneys' fees and costs incurred in prosecuting this action. 29 U.S.C. sec. 216(b).

Wherefore the Plaintiff, James Rutherford, demands judgment in his favor and against Defendant Medgyn Products, Inc. in conformity with the proofs presented and the Fair Labor Standards Act

## COUNT II
### RETALIATORY DISCHARGE BY MESSRS. AGADI AND VYAS IN VIOLATION OF THE FLSA

19. Paragraphs 1 through 11 and 13 through 16 are hereby incorporated into this Count II as if set forth in full.

20. Medgyn's termination of Mr. Rutherford's employment was done by and through Messrs. Agadi and Vyas.

21. In ordering and effectuating the termination of Mr. Rutherford's employment, Messrs. Agadi and Vyas were acting as "employers" within the meaning of Section 203(d) of the FLSA, 29 U.S.C. sec. 203(d).

22. As employers within the meaning of the FLSA, Messrs. Agadi and Vyas are personally liable for Medgyn's violation of the FLSA's anti-retaliation provision.

23. Pursuant to section 16(b) of the FLSA, Mr. Rutherford is entitled to "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . including . . . payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. sec. 216(b).

24. Pursuant to sec. 16(b) of the FLSA, Mr. Rutherford is entitled to collect from Defendants Agadi and Vyas his reasonable attorneys' fees and costs incurred in prosecuting this action. 29 U.S.C. sec. 216(b).

Wherefore the Plaintiff, James Rutherford, demands judgment in his favor and against Defendants Lakshman Agadi and Ramesh Vyas in conformity with the proofs presented and the Fair Labor Standards Act

JAMES RUTHERFORD, PLAINTIFF

By: _____
One of his attorneys

Alan Barinholtz, Esq.
William Henry Barrett, Esq.
LAW OFFICES OF ALAN BARINHOLTZ, P.C.
55 West Monroe Street
Suite 3330
Chicago, Illinois 60603
(312) 704-4000

5