IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD,            ) | |
| ) | |
|     Plaintiff,            ) | 07 C 6259 |
| ) | Judge Joan H. Lefkow |
| v.            ) | Magistrate Judge Schenkier |
| ) | |
| MEDGYN PRODUCTS, INC.,            ) | |
| LAKSHMAN AGADI AND RAMESH VYAS,   ) | |
| ) | |
|     Defendants.            ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants MEDGYN PRODUCTS, INC. ("MedGyn"), LAKSHMAN AGADI and RAMESH VYAS (collectively, "Defendants"), by and through their attorneys, hereby answer the allegations of Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over all counts in this Complaint pursuant to Section 16(b) of the FLSA, 29 U.S.C. sec. 216(b) and 28 U.S.C. sec. 1331 (federal question jurisdiction).

**ANSWER:** Admitted.

2. Venue proper in this District and Division pursuant to 28 U.S.C. sec. 1391(b)(2) in that "a substantial part of the events or omissions giving rise to the claim[s] occurred" here. Venue further is proper pursuant to 28 U.S.C. sec. 1391(b)(3) in that, within the meaning of that statute, Defendant Medgyn Products, Inc. ("Medgyn") resides in this district and is subject to the personal jurisdiction of this Court.

**ANSWER:** Admitted.

### ALLEGATIONS COMMON TO ALL CLAIMS

3. Medgyn is an Illinois corporation with its principal place of business in Lombard, Illinois. Medgyn manufactures and distributes medical devices, instruments and equipment.

  **ANSWER:**  **Admitted.**

  4. Defendant Lakshman Agadi is the President of Medgyn. Defendant Ramesh Vyas is the Vice President and General Manager of Medgyn.

  **ANSWER:**  **Admitted.**

  5. Mr. Rutherford was employed by Defendant Medgyn throughout most of 2007 in a sales capacity.

  **ANSWER:**  **Medgyn admits that Plaintiff was employed in a sales capacity during 2007, but denies that he was so employed "throughout most of 2007."**

  6. There has at all pertinent times been in effect a federal law known as the Fair Labor Act, 29 U.S.C. secs. 201 *et seq*. ("FLSA").

  **ANSWER:**  **Defendants admit the existence of the federal law cited, but deny any violation thereof.**

  7. All Defendants are subject to the FLSA and the FLSA'a anti-retaliation provision, Section 5(a)(3), 29 U.S.C. sec. 215(a)(3).

  **ANSWER:**  **Defendants admit that they are subject to the provision cited, but deny any violation thereof.**

  8. Defendants Medgyn, Agadi and Vyas all are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C sec. 203(d).

  **ANSWER:**  **Admitted.**

  9. On or about September 27, 2007, Mr. Rutherford caused to be delivered to all Defendants a written complaint advising them of violations of the FLSA that the Defendants were committing and permitting. Mr. Rutherford's complaint was delivered to Defendants via certified United States mail.

**ANSWER:** **Defendants admit that Plaintiff delivered to Defendants on or about September 27, 2007 a written document alleging violations of the FLSA and admit that the document was later delivered by certified mail. Defendants deny that the document was delivered by certified mail on September 27, 2007, and deny the remaining allegations in Paragraph 9.**

10.   On or about October 2, 2007, Defendant Medgyn terminated Mr. Rutherford's employment, effective immediately.

**ANSWER:** **Admitted. Answering further, Defendants state that Plaintiff was informed prior to October 2, 2007 that his employment was going to be terminated.**

11.   Mr. Rutherford's employment with Medgyn was terminated at the instruction of Messrs. Agadi and Vyas.

**ANSWER:** **Defendants admit that Plaintiff's employment was terminated on Mr. Agadi's instruction, but deny the remaining allegations in Paragraph 11.**

COUNT I
ALLEGED RETALIATORY DISCHARGE IN
VIOLATION OF THE FLSA

12.   Paragraphs 1 through 11 are incorporated into this Count I as if set forth in full.

**ANSWER:** **Defendants incorporate their responses to Paragraphs 1 through 11 as if fully restated herein.**

13.   The anti-retaliation provision of the FLSA, Section 5(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint. . . under or related to [the FLSA]." 29 U.S.C. sec. 215(a)(3)

**ANSWER:** **Defendants admit that the statute cited states, in part, as provided in Paragraph 13, but deny any violation of the statute.**

14.     The certified mail letter Mr. Rutherford caused to be delivered to Defendants constitutes a "complaint" within the meaning of the FLSA's anti-retaliation provision.

**ANSWER:     Denied.**

15.     Medgyn terminated Mr. Rutherford's employment in retaliation for his complaint about FLSA violations.

**ANSWER:     Denied.**

16.     Medgyn's termination of Mr. Rutherford's employment violated the FLSA's anti-retaliation provision.

**ANSWER:     Denied.**

17.     Pursuant to section 16(b) of the FLSA, Mr. Rutherford is entitled to "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . including . . . payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. sec. 216(b).

**ANSWER:     Denied.**

18.     Pursuant to sec. 16(b) of the FLSA, Mr. Rutherford is entitled to collect from Defendant Medgyn his reasonable attorneys' fees and costs incurred in prosecuting this action. 29 U.S.C. sec. 216(b).

**ANSWER:     Denied.**

COUNT II
ALLEGED RETALIATORY DISCHARGE BY MESSRS. AGADI AND VYAS
IN VIOLATION OF THE FLSA

19.     Paragraphs 1 through 11 and 13 through 16 are hereby incorporated into this Count II as if set forth in full.

**ANSWER:     Defendants incorporate their responses to Paragraphs 1 through 16 as if fully restated herein.**

20. Medgyn's termination of Mr. Rutherford's employment was done by and through Messrs. Agadi and Vyas.

**ANSWER:** **Admitted.**

21. In ordering and effectuating the termination of Mr. Rutherford's employment, Messrs. Agadi and Vyas were acting as "employers" within the meaning of Section 203(d) of the FLSA, 29 U.S.C. sec. 203(d).

**ANSWER:** **Denied.**

22. As employers within the meaning of the FLSA, Messrs. Agadi and Vyas are personally liable for Medgyn's violation of the FLSA's anti-retaliation provision.

**ANSWER:** **Denied.**

23. Pursuant to section 16(b) of the FLSA, Mr. Rutherford is entitled to "such legal or equitable relief as may be appropriate to effectuate the, purposes of section 215(a)(3) . . . including . . . payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. sec. 216(b).

**ANSWER:** **Denied.**

24. Pursuant to sec. 16(b) of the FLSA, Mr. Rutherford is entitled to collect from Defendants Agadi and Vyas his reasonable attorneys' fees and costs incurred in prosecuting this action. 29 U.S.C. sec. 216(b).

**ANSWER:** **Denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's recovery of damages is precluded or limited because he has mitigated his damages or has failed to mitigate his damages.

2. Plaintiff is not entitled to recover any damages duplicative of other damages recovered. For example, he cannot recover damages more than once in connection with the same alleged conduct, nor can he recover the damages elements of damages from more than one

defendant, arising out of the same alleged facts.

3. Plaintiff's recovery may be barred or limited to the extent that he breached his employment agreement with MedGyn.

4. Plaintiff was terminated for legitimate, non-retaliatory reasons, unrelated to any alleged protected activity.

5. Plaintiff's recovery is barred or limited because he engaged in conduct that would have resulted in the termination of his employment if he were not already being terminated for other reasons.

WHEREFORE, Defendants MedGyn Products, Inc., Lakshman Agadi and Ramesh Vyas request that Plaintiff's Complaint be dismissed in its entirety and that Defendants be awarded their attorneys' fees and costs in connection with this action.

DATED: January 24, 2008                         Respectfully submitted,

                                                MEDGYN PRODUCTS, INC., LAKSHMAN
                                                AGADI AND RAMESH VYAS, *Defendants*


                                                By /s/  Michael H. Cramer
                                                    One of Its Attorneys

Michael H. Cramer (ARDC No. 6199313)
Matthew S. Levine (ARDC No. 6293222)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Two First National Plaza
20 S. Clark Street, 25th Floor
Chicago, IL  60603
312-558-1220

*c/m: 016881-1*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 24th day of January, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES was filed electronically.  Notice of this filing will be sent via the Court's electronic filing system and via hand delivery, to:

>Alan Barinholtz, Esq.
>William Henry Barrett, Esq.
>LAW OFFICES OF ALAN BARINHOLTZ, P.C.
>55 West Monroe Street
>Suite 3330
>Chicago, Illinois 60603
>(312) 704-4000
>alan@barinholtz.com

>s/Michael H. Cramer
>One of Its Attorneys

5446121.1